1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  STEVEN MARQUISS,                )
                                    )
12          Plaintiff,              )      No. C10-02327 BZ
                                    )
13      v.                          )
                                    )   **REPORT AND RECOMMENDATION**
14  UNITED COLLECTIONS              )
    CORPORATION,                    )
15                                  )
            Defendant(s).           )
16  _____ )

17      Plaintiff Steven Marquiss seeks entry of default judgment

18  against defendant United Collections Corporation.  Defendant

19  has not answered plaintiff's complaint, appeared in this

20  action, or responded to plaintiff's application for default

21  judgment.  In addition, defendant has not consented to my

22  jurisdiction pursuant to 28 U.S.C. § 636(c).  This matter will

23  therefore be reassigned to a District Judge with the following

24  report and recommendation.

25      On May 27, 2010, plaintiff filed a complaint against

26  defendant for violations of the Fair Debt Collection Practices

27  Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and its California

28  equivalent, The Rosenthal Fair Debt Collection Practices Act

                              1

1  ("RFDCPA"), Cal. Civ. Code § 1788 et seq.  By his motion,
2  plaintiff seeks damages for defendant's alleged violations of
3  both the FDCPA and the RFDCPA.

4      Plaintiff served process on defendant's authorized agent
5  on June 8, 2010. Docket Nos. 1, 2, 4.  Defendant failed to
6  answer the complaint or otherwise defend the action.  On
7  August 24, 2010, the clerk of this Court entered defendant's
8  default under Rule 55(a).[1]

9      By defaulting, defendant is deemed to have admitted the
10 well-pleaded factual allegations of the complaint except those
11 as to the amount of damages.  Fed. R. Civ. P. 8(d); TeleVideo
12 Sys., Inc. V. Heidenthal, 826 F.2d 915, 917-18 (9th Cir.
13 1987). Plaintiff has the burden of proving damages through
14 testimony, written affidavit, or other relevant evidence.  See
15 Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.,
16 389 F.Supp.2d 1222, 1226 (N.D. Cal. 2005).

17     In his complaint, plaintiff makes factual allegations
18 that defendant, a "debt collector" as defined by both the
19 FDCPA and the RFDCPA, sections 1692a(6) and 1788.2(c)
20 respectively, has violated the FDCPA in the following manner:
21     a. Defendant violated § 1692b(1) by communicating with
22         plaintiff's co-worker, failing to identify himself,
23         and state that he is confirming or correcting
24         location information.
25

26 _____
      [1]   A court may not enter a default judgment against an
27 unrepresented minor, an incompetent person, or a person in
   military service.  Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C.
28 521.   Defendant United Collections Corporation, as a
   corporation, is not subject to these limitations.

                                2

1    b. Defendant violated § 1692b(2) by communicating with
2         plaintiff's co-worker stating that plaintiff
3         allegedly owed a debt.
4    c. Defendant violated § 1692c(a)(3) by repeatedly
5         contacting Plaintiff at his place of employment even
6         though defendant knew that plaintiff's employer
7         prohibits him from receiving such communications.
8    d. Defendant violated § 1692d by engaging in conduct the
9         natural consequence of which is to harass, oppress,
10        or abuse the plaintiff by calling his cell phone
11        repeatedly each day.
12   e. Defendant violated § 1692d(2) by using abusive
13        language when speaking to Plaintiff.
14   f. Defendant violated § 1692d(5) by causing plaintiff's
15        telephone to ring repeatedly and continuously with
16        the intent to annoy, abuse, and harass plaintiff.
17        Plaintiff alleges that defendant calls repeatedly
18        and hangs up without leaving messages.
19   g. Defendant violated § 1692d(6) by placing telephone
20        calls without meaningful disclosure of his identity.
21        Plaintiff alleges that defendant calls and hangs up
22        without leaving messages.
23   h. Defendant violated § 1692e(2)(A) by falsely
24        representing the character, amount, and legal status
25        of plaintiff's alleged debt.  Plaintiff specifically
26        alleges that he does not owe the money that
27        defendant is attempting to collect.
28   i. Defendant violated § 1692e(5) by threatening to file a

1    lawsuit against plaintiff even though defendant does

2    not intend to do so.

3    j. Defendant violated § 1692e(8) by communicating or

4    threatening to communicate credit information to

5    others, which he knows or should know is false.

6    Plaintiff alleges that defendant communicated the

7    existence of this disputed debt to plaintiff's

8    coworkers. Plaintiff further alleges that this

9    alleged debt is false.

10   k. Defendant violated § 1692e(10) by using deceptive

11   means in an attempt to collect a debt by threatening

12   to file a lawsuit against plaintiff even though

13   defendant did not intend to do so.

14   l. Defendant violated § 1692e(10) by using deceptive

15   means in an attempt to collect a debt by continually

16   contacting plaintiff when defendant knew plaintiff's

17   insurance company, not the plaintiff, is responsible

18   for the alleged debt.

19   m. Defendant violated § 1692e(10) by using deceptive

20   means in an attempt to collect a debt by failing to

21   disclose in subsequent communications that he was a

22   debt collector. Plaintiff alleges that defendant has

23   called his cell phone and hung up without leaving a

24   messages.

25   n. Defendant violated § 1692e(10) by using deceptive

26   means in an attempt to collect a debt.  Plaintiff

27   specifically alleges that he does not owe the money

28   that defendant is attempting to collect.

4

1    o. Defendant violated § 1692e(11) by failing to disclose
2         in subsequent communications that he is a debt
3         collector because defendant calls plaintiff and
4         hangs up without leaving messages.
5    p. Defendant violated § 1692f(1) by attempting to collect
6         an amount that is not authorized by the agreement or
7         permitted by law.  Plaintiff alleges that he does
8         not owe the money that defendant is attempting to
9         collect.
10   q. Defendant violated § 1692g(a)(1-5) by failing to
11        provide appropriate notice of the debt within 5 days
12        after his initial communication with plaintiff.
13        Appropriate notice includes: (1) the amount of the
14        debt; (2) the name of the creditor to whom the debt
15        is owed; (3) a statement that unless the consumer,
16        within 30 days after receipt of the notice, disputes
17        the validity of the debt, or any portion thereof,
18        the debt will be assumed to be valid by the debt
19        collector; (4) a statement that if the consumer
20        notifies verification of the debt or a copy of a
21        judgment against the consumer and a the debt
22        collector in writing within the 30-day period that
23        the debt, or any portion thereof, is disputed, the
24        debt collector will obtain copy of such verification
25        or judgment will be mailed to the consumer by the
26        debt collector; and (5) a statement that, upon the
27        consumer's written request within the 30-day period,
28        the debt collector will provide the consumer with

5

1          the name and address of the original creditor, if
2          different from the current creditor.
3       r. Defendant violated § 1692g(b) by continuing collection
4          activities and communications without providing
5          plaintiff with validation of the alleged debt.
6
7   Plaintiff also alleges that defendant has violated the RFDCPA
8   in the following manner:
9       a. Defendant violated § 1788.11(b) by placing telephone
10         calls without meaningful disclosure of his identity.
11      b. Defendant violated § 1788.11(d) by placing collection
12         calls to plaintiff repeatedly and continuously so as
13         to annoy plaintiff.
14      c. Defendant violated § 1788.11(e) by placing collection
15         calls to plaintiff with such frequency as to be
16         unreasonable and to constitute a harassment to
17         plaintiff under the circumstances.
18      d. Defendant violated § 1788.12(a) by communicating with
19         plaintiff's co-workers regarding his consumer debt.
20         Plaintiff alleges that this communication was not
21         necessary to the collection of the debt.
22      e. Defendant violated § 1788.13(j) by falsely
23         representing that a legal proceeding was about to be
24         instituted unless payment of a consumer debt was
25         made by plaintiff.
26      f. Defendant violated § 1788.17 of the RFDCPA by
27         continuously failing to comply with the statutory
28         regulations contained within the FDCPA.

6

1

2        Pursuant to Rule 55(b)(2), the Court may enter a default

3   judgment against a party against whom default has been

4   entered.  The decision to grant or deny a default judgment

5   under Rule 55(b) is within the discretion of the Court.  Eitel

6   v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  A formal

7   hearing is not required for a court to render a default

8   judgment.  Davis v. Fendler, 650 F.2d 1154 (9th Cir. 1981).

9   Liability for violating various provisions of the FDCPA and

10  the RFDCPA having been established on default, the remaining

11  issue is the amount of damages available to plaintiff.

12       In his motion, plaintiff seeks damages totaling

13  $5,746.11, including $2,000 in damages as a result of

14  defendant's statutory violations, $2,884.50 in attorneys'

15  fees, $361.61 in filing and service fees, and $500.00 in

16  anticipated collection costs.  Docket No. 10.

17       A single violation of the FDCPA is sufficient to

18  establish civil liability.  Bentley v. Great Lakes Collection

19  Bureau, 6 F.3d 60, 62 (2nd Cir. 1993).  Statutory damages are

20  available without proof of actual damages.  Baker v. G.C.

21  Servs. Corp., 677 F.2d 775, 781 (9th Cir. 1982).  Under the

22  FDCPA, a plaintiff may recover statutory damages not exceeding

23  $1,000 and under the RFDCPA, a plaintiff may recover statutory

24  damages "not less than one hundred dollars ($100) nor greater

25  than one thousand dollars ($1,000)."  15 U.S.C. §

26  1692k(a)(2)(A); Cal. Civ. Code § 1788.30(b).  Such damages may

27  be awarded cumulatively under both statutes.  See 15 U.S.C.

28  § 1692(n) (The federal law "does not exempt any person . . .

                                7

1  from complying with the laws of any State with respect to debt
2  collection practices"); Cal. Civ. Code § 1788.32 ("The
3  remedies provided herein are intended to be cumulative and are
4  in addition to any other procedures, rights, or remedies under
5  any other provision of law.").

6      Furthermore, the decision to award statutory damages and
7  the size of such award is left "to the sound discretion of the
8  district court." Savino v. Computer Credit, 164 F.3d 81, 86
9  (2d Cir. 1998). In making its determination, "the court shall
10 consider, among other relevant factors . . . the frequency and
11 persistence of noncompliance by the debt collector, the nature
12 of such noncompliance, and the extent to which such
13 noncompliance was intentional." 15 U.S.C. § 1692(k)(b). Some
14 courts refuse to award any statutory damages where violations
15 are technical and de minimis. Lester E. Cox Med. Ctr. v.
16 Huntsman, 408 F.3d 989, 993-94 (8th Cir. 2005). Moreover, at
17 least one court has refused to grant a plaintiff's motion for
18 default judgment when the plaintiff failed to substantiate the
19 basis for his statutory damages. Thornton v. United
20 Collections Servs., 2007 U.S. Dist. LEXIS 92997, at *2-3 (E.D.
21 Mich.).

22     Plaintiff requests the maximum amount of statutory
23 damages under both the FDCPA and the RFDCPA. Unlike Thornton,
24 plaintiff's allegations are specific enough to warrant
25 statutory damages. See Docket. No. 1 ¶¶ 11-23, 30. Based on
26 the record before me, I recommend that the plaintiff be
27 awarded $1,000.00 under the FDCPA and $1,000.00 under the
28 RFDCPA.

8

1    Plaintiff also requests that the Court awards reasonable
2  attorneys' fees in the amount of $2,884.50 and costs in the
3  amount of $361.61.[2]  Both the FDCPA and the RFDCPA provide for
4  an award of costs and reasonable attorneys' fees to a
5  prevailing plaintiff.  15 U.S.C. § 1692k(a)(3); Cal. Civ. Code
6  § 1788.30(c).  The Ninth Circuit employs the lodestar approach
7  to determine whether a fee request is reasonable.  Jordan v.
8  Multnomath County, 815 F.2d 1258, 1262-63 (9th Cir. 1987).
9  "The 'lodestar' is calculated by multiplying the number of
10 hours the prevailing party reasonably expended on the
11 litigation by a reasonable hourly rate."  Camacho v.
12 Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008).  The
13 lodestar is deemed to be presumptively reasonable, though the
14 district court has the discretion to consider an upward or
15 downward adjustment.  Id.

16    In support of his motion for attorneys' fees, plaintiff
17 submits a survey of average hourly rates for consumer law
18 attorneys and billing records for his attorneys stating the
19 amount of hours expended on this matter.  Docket Nos. 10, 10-
20 1, 10-2, 10-4.  I am satisfied that the hourly rates and hours
21 charged for work performed by plaintiff's attorneys are
22 reasonable for their level of experience.[3] For the foregoing

23
24 [2]    Plaintiff seeks to recover attorney's fees for 10.9
   hours at a rate of $350.00 per hour for 0.2 hours; $290.00 per
25 hour for 2.8 hours; $210 per hour for 5.6 hours; and $180.00
   per hour for 2.3 hours.  Plaintiff also seeks fees for work
26 performed by paralegals at $125.00 per hour for 3.3 hours.
   Docket No. 10 ¶ 6.

27 [3]    Although plaintiff's attorneys have submitted billing
   statements that include five timekeepers, they have allocated
28 their time appropriately in the prosecution of this case.

9

1 | reasons, I recommend that plaintiff be awarded $3,246.11 for
2 | all attorneys' fees and costs incurred.

3 | As to plaintiff's request for anticipated collection
4 | costs of $500.00 pursuant to section 1692k(a)(3) of the FDCPA,
5 | section 1692k(a)(3) simply does not apply here: this is not an
6 | action to enforce liabilities.  Accordingly, I recommend
7 | plaintiff's request for anticipated collection costs of
8 | $500.00 be denied with leave to renew when plaintiff has been
9 | able to collect his judgment.

10 | For the foregoing reasons, I recommend that judgment be
11 | entered in plaintiff's favor against defendant United
12 | Collections Corporation in the amount of 5,246.11.  This
13 | amount includes $2,000.00 in statutory penalties and 3,246.11
14 | in attorneys' fees and costs.  I further recommend that
15 | plaintiff's request for advance collection costs be denied
16 | with leave to renew when plaintiff has been able to collect
17 | his judgment.

18 | Dated: December 2, 2010

19 |

20 | Bernard Zimmerman
   | United States Magistrate Judge

21 |

22 | G:\BZALL\-BZCASES\MARQUISS V. UNITED COLLECTIONS\REPORT AND RECOMMENDATION
   | GRANTING DEFAULT JUDGMENT - Marquiss 112310.wpd

23 |

24 |

25 |

26 |

27 |

28 |

10